IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>    v. )<br>CHE HAWKINS, )<br>)<br>    Defendant. ) | Criminal No.  14-106-02 |

# MEMORANDUM OPINION

Pending before the court is the Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) filed by defendant Che Hawkins ("Hawkins"). (ECF No. 695.) Hawkins seeks compassionate release for "extraordinary and compelling reasons" pursuant to the First Step Act of 2018 § 603(b), 18 U.S.C. § 3582 (2020), due to his susceptibility to the COVID-19 virus. Hawkins requests that the remainder of the sentence of imprisonment he is currently serving at F.C.I. Elkton be reduced to home confinement. The government filed a response opposing the motion (ECF No. 698) and submitted Hawkins' medical records under seal. (ECF No. 701.) Being fully briefed, Hawkins' motion is now ripe for decision.

**Background**

On May 24, 2018, Hawkins was convicted of conspiracy to possess with intent to distribute and distribution of 1 kilogram or more of heroin, in violation of 21 U.S.C. § 846 and distribution and/or possession with intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(i). (ECF No. 662.) Hawkins was sentenced to concurrent terms of imprisonment of 216 months and a term of supervised release of 8 years. Hawkins has been in custody since April 2, 2014, and his anticipated release date is August 4, 2029.

1

On April 11, 2020, Hawkins submitted a petition for compassionate release to the warden of F.C.I. Elkton. (ECF No. 698-1.) In his petition, Hawkins asserted that his underlying health issues of hypertension, asthma, and chronic back pain, coupled with the spread of COVID-19 at F.C.I. Elkton, warranted his release. Hawkins stated in his petition that, if released, he would live with his sister in her four-bedroom house, which has sufficient space, if necessary, for Hawkins to quarantine himself. On April 29, 2020, the Federal Bureau of Prisons ("BOP"), after reviewing Hawkins' medical records, determined that Hawkins did not meet the criteria for compassionate release or reduction in sentence and denied his request. (ECF No. 695-1.) On May 12, 2020, Hawkins filed the motion currently pending before the court. (ECF No. 695.)

**Applicable Law**

Hawkins seeks relief under § 3582(c)(1)(A)(i), which the Third Circuit Court of Appeals has referred to as the "'compassionate release' provision of 18 U.S.C. § 3582(c)(1)(A)." United States v. Handerhan, 789 F. App'x 924, 925 (3d Cir. 2019) (per curiam). Section 3582(c)(1)(A) provides:

> **(c) Modification of an imposed term of imprisonment.**--The court may not modify a term of imprisonment once it has been imposed except that—
>
> > (1) in any case--
> >
> > > (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--

> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
>
> (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

Prior to the enactment of the First Step Act on December 21, 2018, § 3582(c)(1)(A) provided that only the Director of the BOP could file a motion for a sentence reduction under § 3582(c)(1)(A)(i). Ray v. Finley, No. 3:19-CV-0988, 2019 WL 5569616, at *3 (M.D. Pa. Oct. 29, 2019). The First Step Act amended § 3582(c)(1)(A), which now provides that "a motion for reduction in sentence may be filed by either the Director of the BOP or a federal inmate" after the federal inmate exhausts administrative remedies. Id. The court in Ray explained that under the amended version of § 3582(c)(1)(A):

> [w]hen requesting a reduction of their term of imprisonment for "compelling and extraordinary reason," or "compassionate release," a federal inmate must comply with the requirements of 18 U.S.C. § 3582(c)(1)(A), including the full exhaustion of all administrative rights to appeal the BOP's refusal to bring such a claim or after "lapse of 30 days from receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

Id.; see United States v. Raia, 954 F.3d 594, 595 (3d Cir. 2020) (holding that district courts cannot consider requests for compassionate release under the First Step Act until a defendant has exhausted his administrative remedies).[1]

The Third Circuit Court of Appeals has explained that "compelling and extraordinary" reasons for the reduction of a sentence are "defined by the commentary to policy statement U.S.S.G. § 1B1.13." Handerhan, 789 F. App'x at 925 (citing United States v. Barberena, 694 F.3d 514, 521 n.10 (3d Cir. 2012)). "That commentary currently lists four categories of such reasons: (1) the defendant's medical condition; (2) the defendant's age; (3) the defendant's family circumstances; and (4) 'other reasons' as determined by the Director of the Bureau of Prisons." Id. (quoting U.S.S.G. § 1B1.13 cmt. n.1.).

The court of appeals in Handerhan explained that "[t]he Sentencing Commission has not yet amended § 1B1.13 or its commentary to account for the First Step Act…[and] the District Courts are divided on whether and how to apply the catch-all 'other reasons' category and its reference to determinations made by the Director." Handerhan, 789 F. App'x at 925 n.1 (citing United States v. Fox, No. 2:14-cr-03-DBH, 2019 WL 3046086, at *2 (D. Me. July 11, 2019)).

---

[1] In the instant case, Hawkins submitted a request for compassionate release to the warden of F.C.I. Elkton on April 11, 2020 (ECF No. 698-1), and the BOP denied Hawkins' request on April 29, 2020 (ECF No. 695-1). More than 30 days have passed since the BOP received and denied Hawkins' request. The parties agree that Hawkins has exhausted his administrative remedies as required by 18 U.S.C. § 3582(c)(1)(A).

While the court of appeals recognized the split of authority in Handerhan, it did not resolve the issue. Id.

Courts that hold that district courts now have the discretion to grant compassionate release based upon compelling and extraordinary circumstances *other* than those specifically enumerated in the commentary to § 1B1.13 typically rely upon two rationales. First, Congress' stated intent in amending § 3582 via the First Step Act was to "expand the use of compassionate release sentence reductions under § 3582(c)(1)(A)." United States v. Young, No. 2:00-CR-00002-1, 2020 WL 1047815, at *5 (M.D. Tenn. Mar. 4, 2020). Under those circumstances, courts reason that "'the only way direct motions to district courts would *increase* the use of compassionate release is to allow district judges to consider the vast variety of circumstances that may constitute extraordinary and compelling.'" United States v. Crinel, No. CR 15-61, 2020 WL 955054, at *3 (E.D. La. Feb. 27, 2020) (quoting United States v. Brown, 411 F. Supp. 3d 446, 451 (S.D. Iowa 2019) (emphasis added)). Second, courts reason that the commentary to § 1B1.13 is no longer binding on courts analyzing what constitutes "compelling and extraordinary" reasons under the statute because the commentary now conflicts with § 3582(c); indeed, the commentary "presumes that a compassionate release sentence reduction may only be granted 'upon motion' by the BOP Director." Young, 2020 WL 1047815, at *6 (citing Stinson v. United States, 508 U.S. 36, 38 (1993) ("[C]ommentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline.")).[2]

---

[2] A third reason to hold that courts after the enactment of the First Step Act have independent authority to determine whether "extraordinary and compelling" reasons exists to warrant a defendant's compassionate release was discussed by the court in United States v. Cantu, No. 1:05-CR-458-1, 2019 WL 2498923, at *5 (S.D. Tex. June 17, 2019). The court applied the "rule of lenity" and explained:

Other courts have "concluded to the contrary, either simply presuming or actually holding that the current policy statement is binding even after passage of the First Step Act." Young, 2020 WL 1047815, at *6 (collecting decisions); Fox, 2019 WL 3046086, at *2 (collecting decisions). For example, the court in United States v. Shields, No. 12-CR-00410-BLF-1, 2019 WL 2359231 (N.D. Cal. June 4, 2019), held it was bound to follow the commentary to § 1B1.13 and the court did not have discretion to find compelling and extraordinary reasons for issuing compassionate release other than based upon the defendant's medical condition, age, or family circumstances. The court explained: "[the defendant] has not cited, and the Court has not discovered, any authority for the proposition that the Court may disregard guidance provided by the Sentencing Commission where it appears that such guidance has not kept pace with statutory amendments." Id. at *4. The court noted in Young, however, that "in most of these cases [in which the courts found they were bound to follow the commentary to § 1B1.13,] the

---

> Applying the rule of lenity, U.S.S.G. § 1B1.13 cmt. n.1(D) no longer describes an appropriate use of sentence-modification provisions and is thus not part of the applicable policy statement binding the Court. The rule of lenity mandates that when two rational readings of a statute are possible, the one that treats the defendant less harshly prevails,8 See McNally v. United States, 483 U.S. 350, 359–60, 107 S.Ct. 2875, 97 L.Ed.2d 292 (1987), because when statutes are unclear, "the consequences should be visited on the party more able to avoid and correct the effects of shoddy legislative drafting," Scalia & Garner, supra, at 299. That principle matters because the less the courts insist on precision in statutes relating to punishments, "the less the legislature will take the trouble to provide it." Id. at 301. Thus, the correct interpretation of § 3582(c)(1)(A)—based on the text, statutory history and structure, and consideration of Congress's ability to override any of the Commission's policy statements "at any time," Mistretta v. United States, 488 U.S. 361, 394, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989)—is that when a defendant brings a motion for a sentence reduction under the amended provision, the Court can determine whether any extraordinary and compelling reasons other than those delineated in U.S.S.G. § 1B1.13 cmt. n.1(A)–(C) warrant granting relief.

Id.

moving defendants did not argue the existence of any extraordinary or compelling reasons for release aside from their age or medical condition." Young, 2020 WL 104,7815, at *6.

**Analysis**

As an initial matter, the government asserts that the court does not have authority to convert the remainder of Hawkins' sentence to home confinement because such relief does not reduce Hawkins' term of imprisonment, and the designation of an inmate's place of incarceration is solely committed to the discretion of the BOP. (ECF No. 698 at 3-5.) The BOP has the actual authority to designate an inmate's place of incarceration, though the court may make a recommendation. See 18 U.S.C. § 3621(b); United States v. Voda, 994 F.2d 149, 151-52 (5th Cir. 1993) (explaining that only the BOP has the actual authority to designate the place of incarceration because the executive branch is responsible for administering sentences). Congress gave courts authority under the First Step Act to modify or terminate a defendant's sentence based on a motion for compassionate release. 18 U.S.C. § 3582(c)(1)(A).

The plain language of the pertinent provision of the First Step Act gives the court authority to "reduce" a defendant's "term of imprisonment." Id. Other federal district courts considering similar motions have construed requests to convert the remainder of a term of imprisonment to home confinement as motions for immediate release. See United States v. Catanzarite, Crim. No. 18-0362, 2020 WL 2786927, at *2 (D. N.J. May 29, 2020) (finding no authority to convert a term of imprisonment to home confinement under § 3582(c)(1(A), but explaining that the court could reduce defendant's term of imprisonment to time served and impose a period of home confinement as a condition of supervised release); Unites States v. Williams, Crim. No. 2:17-cr-20002-5, 2020 WL 2300206, at *3 (W.D. Tenn. May 1, 2020) (construing defendant's request to be placed on home confinement as a motion for immediate

release pursuant to § 3582(c)(1)(A)). Those decisions are persuasive, and the court will construe Hawkins' motion as a request for immediate release.

To resolve Hawkins' request for compassionate release, the court must first consider the § 3553(a) sentencing factors. 18 U.S.C. § 3582(c)(1)(A). Upon review of those factors, as articulated at length at the sentencing hearing in May 2018, the court concludes that a sentence reduction is not appropriate. Hawkins has served 74 months of his 216-month term of imprisonment. Hawkins' sentence was imposed based on a binding plea agreement accepted by the court pursuant to Rule 11(c)(1)(C); in imposing the sentence, the court noted the seriousness of Hawkins' offense and his status as a career offender. The court determined that 216 months in prison was sufficient, but no greater than necessary, to satisfy the statutory sentencing purposes. The only new circumstances cited in Hawkins' motion, his hypertension and concern about the Covid-19 pandemic, do not justify a further reduction in his sentence.

Even if the § 3553(a) sentencing factors favored release, Hawkins would need to demonstrate "extraordinary and compelling" reasons for compassionate release. Here, this court need not decide whether it is bound by the commentary to § 1B1.13 or it has independent discretion to determine whether other "extraordinary and compelling" reasons exist in this case to resolve Hawkins' motion for a sentence reduction. Even courts that found they had independent authority to determine whether "extraordinary and compelling reasons" warrant a defendant's premature release from imprisonment looked to Congress' intent and constrained their consideration to "'cases of severe illness, cases in which other extraordinary and compelling circumstances justify a reduction of an unusually long sentence, and some cases in which the sentencing guidelines for the offense of which the defender was convicted have been later amended to provide a shorter term of imprisonment.'" Young, 2020 WL 1047815, at *3

(quoting S. Rep No. 98-225, at 55-56, 1983 WL 25404 (1983)); see United States v. Phillips, Crim. No. 12-20372, 2020 WL 3071849, at *3-4 (E.D. Mich. June 10, 2020) (holding the defendant's concern of contracting COVID-19 due to underlying health conditions of diabetes and hypertension did not constitute "extraordinary and compelling reasons" for compassionate release); United States v. Brown, 411 F. Supp. 3d 446, 452 (S.D. Iowa 2019) (holding the defendant's "exemplary behavior…botched surgery while incarcerated[,]…that his daughter [was]…without a parent,…[and] that he faces a sentence far longer than he would ever receive under modern law" did not constitute "extraordinary and compelling reasons" for compassionate release); United States v. Beck, No. 1:13-CR-186-6, 2019 WL 2716505, at *8 (M.D.N.C. June 28, 2019) (finding "extraordinary and compelling reasons" warranted the defendant's compassionate release because she had "invasive breast cancer and…received grossly inadequate treatment for her condition while serving her sentence in BoP custody[,]" which placed her life in risk); United States v. Ramirez, Crim. No. 17-10328-WGY, 2020 WL 2404858, at *3 (D. Mass. May 12, 2020) ("To guide their discretion, however, courts should grant relief under the catch-all provision only if the inmates' circumstances are 'comparable or analogous to what the Commission has already articulated as criteria for compassionate release.'") (quoting Fox, 2019 WL 3046086, at *3).

     Hawkins did not demonstrate "extraordinary and compelling reasons" for release, as defined in the Sentencing Guidelines. He does not have a terminal illness. He does not have a medical condition that substantially diminishes his ability to provide self-care within a correctional environment. At age 42, he does not qualify under the age provisions. He did not argue that his family circumstances warrant a sentence reduction.

The catchall "other reasons" do not justify Hawkins' release because he expresses only a generalized fear of contracting COVID-19. In Raia, the court of appeals cautioned that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." Raia, 954 F.3d at 597. Hawkins did not convince the court that his hypertension, which is being monitored and stabilized by medication, makes him particularly vulnerable. Hawkins' medical records form F.C.I. Elkton indicate that he is diagnosed with "[e]ssential (primary) hypertension[.]" [3] (ECF No. 701 at 7, 10, 21.) The CDC does not identify essential or primary hypertension as a comorbidity that enhances the risk of serious illness from COVID-19. See CENTERS FOR DISEASE CONTROL AND PREVENTION, *Groups at Higher Risk for Severe Illness*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (last visited June 16, 2020). The CDC does list "pulmonary hypertension" [4] as a risk factor, which is a condition the CDC categorizes as a serious heart condition. (Id.) Hawkins' medical records, however, do not indicate such a diagnosis. In sum, Hawkins' susceptibility to COVID-19 is not extraordinary and compelling.

The court recognizes the potential for Hawkins' exposure to the COVID-19 virus at F.C.I. Elkton. Unfortunately, that potential exists anywhere in the community. As explained by the government in its response, the BOP is taking the necessary steps and precautions to help stop the spread of the COVID-19 virus. Additionally, there is no indication that Hawkins' medical needs

---

[3] Essential hypertension is defined as "hypertension without known cause." Stedmans Medical Dictionary 426280, available on Westlaw (database updated Nov. 2014).

[4] Pulmonary hypertension is defined as "hypertension in the pulmonary circuit; may be primary, or secondary to pulmonary or cardiac disease, *e.g.,* fibrosis of the lung or mitral stenosis." Stedmans Medical Dictionary 426430, available on Westlaw (database updated Nov. 2014).

are not being addressed at F.C.I. Elkton; in fact, he is being tested and receiving medication for his hypertension. The court is sympathetic to his health, concerns about complications caused by COVID-19 and possible exposure to affected individuals. Speculation concerning possible future conditions, however, does not constitute a "compelling reason" for release. In other words, his current arguments for release do not outweigh the factors considered by the court in imposing his original sentence.

**Conclusion**

In accordance with the foregoing, Hawkins' motion for compassionate release (ECF No. 695) will be DENIED.

An appropriate order will be entered.

Dated: June 16, 2020.

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Judge